IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

TIMOTHY SALAN,                                                          CASE NO.:

      Plaintiff,

v.

GREATER ORLANDO AVIATION AUTHORITY
d/b/a ORLANDO INTERNATIONAL AIRPORT
and FRONTIER AIRLINES, INC.,

      Defendant(s).
_____/

## COMPLAINT

COMES NOW Plaintiff, TIMOTHY SALAN, by and through undersigned counsel, and hereby sues Defendants, GREATER ORLANDO AVIATION AUTHORITY d/b/a ORLANDO INTERNATIONAL AIRPORT (hereinafter referred to as "OIA") and FRONTIER AIRLINES, INC. (hereinafter referred to as "FRONTIER"), for damages for negligence, and in further support thereof would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of Fifty-Thousand Dollars ($50,000.00), exclusive of attorney's fees, costs, and prejudgment interest.

2. At all times material hereto, Defendant, OIA, was and is Florida Governmental Entity, authorized to do and doing business in the State of Florida.

3. At all times material hereto, Defendant, FRONTIER, was and is a Foreign Profit Corporation authorized to do and doing business in the State of Florida.

4. At all times material hereto, Plaintiff, TIMOTHY SALAN, was *sui juris* and a resident of Edgar County, Illinois traveling within the State of Florida.

5. Pursuant to §47.051, Florida Statutes, venue is properly vested within Orange County, Florida, as the cause of action accrued in Orlando, Florida.

6. The Plaintiff has complied with the statutory notice requirements of Florida Statute § 768.28(6). See Exhibit "A".

## GENERAL FACTS COMMON TO ALL COUNTS

The Plaintiff, TIMOTHY SALAN, reincorporates and realleges the allegations set forth in paragraphs one (1) through six (6) as if fully set herein, and further alleges as follows:

7. On or about November 25, 2024, Plaintiff, TIMOTHY SALAN, a lawful patron of Defendant, FRONTIER, was boarding Defendant's aircraft for Flight F94837.

8. At the aforementioned time and place, Plaintiff, TIMOTHY SALAN, slipped on a liquid-soaked rubber mat located at the entrance to the jetway, causing him to fall to his knees and sustain serious injuries.

9. At all times material hereto, Defendant, OIA, owned, operated, controlled, managed, supervised and/or maintained an airport located at 1 Jeff Fuqua Boulevard in Orlando, Florida, including Gateway A24 that Defendant, FRONTIER used to station its aircrafts.

10. At all times material hereto, Defendant, FRONTIER, served as a vendor and/or contractor for Defendant, OIA, performing airway transportation services on the Premises, including at the time and location of the subject incident.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, GREATER ORLANDO AVIATION AUTHORITY d/b/a ORLANDO INTERNATIONAL AIRPORT

The Plaintiff, TIMOTHY SALAN, reincorporates and realleges the allegations set forth in paragraphs one (1) through ten (10) as if fully set herein, and further alleges as follows:

11. At all times material hereto, the Defendant, OIA, owed a duty to exercise reasonable care in selection, hiring, training, supervision, and retention of its vendors, as well as in implementing and enforcing safety and precautionary measures for the safe onboarding and offboarding of aircraft passengers.

12. Defendant, OIA, further owed a duty to maintain airport grounds, including the jetway entrance to Flight F94837, knowing that this area is used to onboard and offboard aircraft passengers.

13. Defendant, OIA, retained control over the manner, method, and safety conditions under which Defendant, FRONTIER and its employees onboarded and offboarded, thereby creating a duty to ensure that such activities were conducted safely and without creating hazards to patrons, such as the Plaintiff.

14. Further, Defendant, OIA, owed non-delegable duties to maintain the Premises, including the jetway onto Flight F94837, in a reasonably safe condition for patrons lawfully present thereon, including the Plaintiff, and hereby breached those duties as follows:

    a. failing to properly vet or supervise Defendant, FRONTIER;

    b. failing to establish or enforce adequate safety protocols for the onboarding and offboarding of aircraft passengers;

    c. allowing unsafe practices to occur in areas used for the onboarding and offboarding of aircraft passengers;

    d. failing to maintain the Premises in a reasonably safe condition;

    e. improperly maintained the Premises in such a way that the liquid-soaked mat at the entrance to the jetway created a dangerous condition;

    f. failing to properly inspect the entrance to the jetway in such a way that it knew, or should have known, that the liquid-soaked mat created a dangerous condition;

    g. failing to warn and/or provide notice to Plaintiff of the dangerous condition created by the liquid-soaked mat at the entrance to the jetway, or, in the alternative, allowed said condition to exist for a length of time sufficient in which a reasonable inspection would have disclosed same;

    h. failing to exercise reasonable care for the safety of Plaintiff;

    i. knew or, should have known, that the combination of these conditions created a foreseeable risk of injury to persons similarly situated to the Plaintiff, due to the inadequate practices of its vendor's employees and the presence of the liquid-soaked mat at the entrance to the jetway.

  15. As a direct and proximate result of the negligence of Defendant, OIA, including its failure regarding its vendor, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent and continuing and Plaintiff will suffer these losses in the future.

  WHEREFORE Plaintiff, TIMOTHY SALAN, sues Defendant, OIA, and demands judgment for damages in an amount exceeding fifty thousand dollars, exclusive of costs, against the Defendant, OIA, and for such other relief as this Honorable Court deems appropriate under the circumstances.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT, FRONTIER AIRLINES

The Plaintiff, TREMAINE HOGGINS, reincorporates and realleges the allegations set forth in paragraphs one (1) through fifteen (15) as if fully set herein, and further alleges as follows:

16. At all times material hereto, the Defendant, FRONTIER, owed a duty to exercise reasonable care in selecting, hiring, training, supervising of its employees and/or agents including the implementation of safety and precautionary measures related to the loading and unloading of products.

17. Further, Defendant, FRONTIER, further owed a duty to maintain airport grounds, including the jetway entrance to Flight F94837, knowing that this area is used to onboard and offboard aircraft passengers.

18. Defendant, FRONTIER, owed a further duty to comply with all applicable safety standards, industry practices, and precautionary measures related to the safe onboarding and offboarding of aircraft passengers, including maintaining the Premises in a reasonably safe condition, and hereby breached those duties as follows:

    a. failing to establish or enforce adequate safety protocols for the onboarding and offboarding of aircraft passengers;

    b. allowing unsafe practices to occur in areas used for the onboarding and offboarding of aircraft passengers;

    c. failing to maintain the Premises in a reasonably safe condition;

    d. improperly maintained the Premises in such a way that the liquid-soaked mat at the entrance to the jetway created a dangerous condition;

    e. failing to properly inspect the entrance to the jetway in such a way that it knew, or should have known, that the liquid-soaked mat created a dangerous condition;

    f. failing to warn and/or provide notice to Plaintiff of the dangerous condition created by the liquid-soaked mat at the entrance to the jetway, or, in the alternative, allowed said condition to exist for a length of time sufficient in which a reasonable inspection would have disclosed same;

    g. failing to exercise reasonable care for the safety of Plaintiff;

    h. knew or, should have known, that the combination of these conditions created a foreseeable risk of injury to persons similarly situated to the Plaintiff, due to the inadequate practices of its employees and the presence of the liquid-soaked mat at the entrance to the jetway.

  19. As a direct and proximate result of the negligence of Defendant, FRONTIER, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent and continuing and Plaintiff will suffer these losses in the future.

  WHEREFORE Plaintiff, TIMOTHY SALAN, sues Defendant, FRONTIER, and demands judgment for damages in an amount exceeding fifty thousand dollars, exclusive of costs, against the Defendant, FRONTIER, and for such other relief as this Honorable Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

  The Plaintiff, TIMOTHY SALAN, demands a trial by jury of all issues so triable.

DATED this 5th day of December, 2025.

/s/ Matthew McGovern, Esq.
*FOR THE FIRM*
**JOSHUA J. WAGNER, ESQUIRE**
Florida Bar Number: 12209
**JEREMIAH B. GREATHOUSE, ESQUIRE**
Florida Bar Number: 1027997
**MATTHEW MCGOVERN, ESQUIRE**
Florida Bar Number: 41587
**VASILAROS & WAGNER THE LAWYER DUDE**
**LAWYER DUDE RADOPOLIS**
149 S. Ridgewood Ave., Suite 100
Daytona Beach, FL 32114
Phone: (833) 333-3333
Facsimile: (386) 401-5450
Service Email: pleadings@lawyerdude.com
*Attorneys for Plaintiff*

# VASILAROS WAGNER
**PERSONAL INJURY LAWYERS**

January 24, 2025

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Florida Department of Financial Services
Division of Risk Management/Liability
200 East Gaines Street
Tallahassee, FL 32399

Greater Orlando Aviation Authority
Orlando International Airport
Attention: Risk Management
One Jeff Fuqua Boulevard
Orlando, FL 32827-4329

RE:  My Client:  Timothy Salan
     DOA:        On or around 11/25/2024

**NOTICE OF INTENT TO INITIATE LITIGATION
PURSUANT TO FLORIDA STATUTE 768.28**

Dear Sir or Madam:

Kindly be advised that the undersigned attorney has the pleasure of representing Timothy Salan, vis-à-vis an accident occurring the above date. This letter is being written to you pursuant to Florida Statute 768.28(6) and should be construed as the "six-month notice." The basis of my client's claim against the Defendant is as follows:

On or around November 25, 2024, Mr. Salan was in the process of boarding a plane. As he proceeded through the jetway, Mr. Salan slipped on a rubber mat that was covered in water. Mr. Salan fell into the wall and landed hard. There were no handrails available at that portion of the walkway. There was significant injury sustained to his person as a result of the fall. After falling, one of the flight attendants forcefully pulled him to his feet, even after asking for a minute to gather himself. The attendant would then push him onto the plane.

**Lawyers**
Joshua J. Wagner (Florida)
Jeremiah B. Greathouse (Florida)
Matthew W. McGovern (Florida)
Dan Stivler (Nevada)
Steven T. Vasilaros (Decd 2024)

**Headquarters**
Vasilaros Wagner
118 E. Fairview Avenue
Daytona Beach, FL 32114

**Contact for Personal Injury**
contact@lawyerdude.com
Office:  833-333-3333
Fax:     386-401-5450
LawyerDude.com

**Contact for Immigration**
contact@AcceptAmerica.com
Office:  833-333-3333
Fax:     386-401-5450
AcceptAmerica.com

Notice of Intent to Initiate Litigation
Page 2

In the event that our client has a spouse, parents or dependents who may be entitled to damages or in the event our client is in a state where survivors of independent claims, this notice referencing the claimant's name also applies to the claims of the parents, spouse, dependents, state of survivors or such other related claims.

My client's settlement demand at this point is the greater of the $200,000.00 statutory limit or the limits of any liability insurance that the defendant may have in effect for this type of accident.

Pursuant to Florida Statute 768.28, please be advised of the following information for Timothy Salan:

    a.    My client's date of birth is 01/08/1979.

    b.    My client's place of birth is Daytona Beach, FL.

    c.    My client's social security number is ███████

    d.    My client knows of no adjudicated penalties, fines, fees, victim restitution fund, or other judgment in excess of $200.00 imposed either by civil, criminal, or administrative tribunal owed to the state, any agency, office or subdivision of the state.

Within the next six months, pursuant to Florida Statute 768.28, please advise as to whether the Defendant wishes to (a) honor the claim and enter into meaningful negotiations or, (b) deny the claim. Kindly note that pursuant to Florida Statute 768.28, if no response is heard within said six-month period, then, of course, suit will be instituted immediately.

Thanking you in advance for your kind cooperation in this matter, I remain, as always,

Very truly yours,

*Matthew W. McGovern*

Enclosures
MWM:rwm